

FILED
SUPERIOR COURT
OF GUAM

2023 JUN 12 PM 4: 06

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DEPARTMENT OF PUBLIC HEALTH AND SOCIAL SERVICES–CHILD PROTECTIVE SERVICES,<br><br>Plaintiffs,<br><br>vs.<br><br>VICTOR M. TAINATONGO, Jr.,<br><br>Defendant. | Child Support Case Nos. CS0265-17<br>CS0215-19<br><br><br><br>**DECISION AND ORDER**<br>**RE: REQUEST FOR REVIEW** |
| DEPARTMENT OF PUBLIC HEALTH AND SOCIAL SERVICES–CHILD PROTECTIVE SERVICES,<br><br>Plaintiffs,<br><br>vs.<br><br>TRICIA M. MATAGOLAI,<br><br>Defendant. | |

This matter came before the Honorable Dana A. Gutierrez on a Request for Review of Recommended Findings and Order filed March 30, 2023.[1] The basis for the requested review is the Office of the Attorney General Child Support Enforcement Division's ("CSED") March 29, 2023 Objection to the March 15, 2023 Recommended Findings and Order ("March 15, 2023 Rec. Findings and Order") issued by Administrative Hearing Officer B. Ann Keith ("AHO"). Req. for Review, at 1 (March 30, 2023). Based upon a review of the record and applicable law, the Court hereby **VACATES** the March 15, 2023 Rec. Findings and Order and **REMANDS** the

---

[1] The Honorable Dana A. Gutierrez was "assigned to review the Recommended Findings and Order" pursuant to the Notice of Assignment of Designated Judge issued by the Clerk of Court on March 31, 2023.

matter back to the AHO for further proceedings not inconsistent with this Decision and Order ("D&O").

## BACKGROUND

On October 26, 2017, CSED filed a Complaint against Victor Tainatongo Jr. ("Mr. Tainatongo") for child support regarding the minor child Vandric Jamion M. Tainatongo, DOB: 6/06/2008, ("V.J.M.T.") in Superior Court Child Support Case No. CS0265-17 ("CS0265-17"). At the time of the Complaint, V.J.M.T. did not live with Mr. Tainatongo or the minor's mother, Tricia M. Matagolai ("Ms. Matagolai"), and instead, V.J.M.T. resided "with DPHSS CPS-097, non-relative of the child." *See* CS0265-17 Complaint, at 2 (Oct. 26, 2017).

On September 27, 2019, CSED filed a Complaint for Child Support against Ms. Matagolai for child support regarding V.J.M.T. and two other minor children in Superior Court Child Support Case No. CS0215-19 ("CS0215-19"). At the time of the filing, V.J.M.T. was still in the custody of "DPHSS CPS-097." *See* CS0215-19 Complaint, at 2 (Sept. 27, 2019).

On July 12, 2021 in CS0215-19, a Findings and Order Re Child Support Arrears and Judgment on Arrears ("July 12, 2021 Findings and Order") was issued against Ms. Matagolai regarding V.J.M.T. and two other minor children "in the amount of **$4,400.00** as of **March 31, 2021**" with "interest at **zero percent (0%) per annum** . . . ."[2] July 12, 2021 Findings and Order, at 2.

On September 13, 2022 in CS0265-17, a Findings and Order Re: Child Support Arrears and Child Support Arrears Judgment was issued against Mr. Tainatongo for child support arrears regarding V.J.M.T. (the "Sept. 13, 2022 Findings and Order"). The Sept. 13, 2022 Findings and

---

[2] On July 13, 2021, a Notice of Entry on Docket for the July 12, 2021 Findings and Order was issued.

Order stated that Mr. Tainatongo owed "**child support arrears in the amount of $7,640.00 as of March 31, 2021**" and that "[i]nterest shall accrue at the rate of six percent (6%) per annum."[3] Sept. 13, 2022 Findings and Order, at 1.

On October 26, 2022, a hearing was held in CS0265-17. Present at the hearing was CSED and Mr. Tainatongo. At the hearing, the Court discussed the difference in interest rates imposed between Mr. Tainatongo and Ms. Matagolai. Min Entry, at 2:34:04-2:41:15 PM (Oct. 26, 2022). Based upon the Minute Entry, the AHO noted "[u]nless you impose interest on Tricia Matagolai in CS0215-19 I will say that the Judgment in CS0265-17 run without interest." Min Entry, at 3:09:22-3:12:56 PM (Oct. 26, 2022).

On November 18, 2022, in CS0215-19, CSED filed a Motion to Impose 6% Interest Rate on Arrears ("Motion to Impose 6% Interest") against Ms. Matagolai. On December 19, 2022, a Motion Hearing was held, and the AHO took the matter under advisement. *See* Min Entry, (Dec. 19, 2022).

On March 15, 2023, the AHO issued the March 15, 2023 Rec. Findings and Order captioned for both CS0265-17 and CS0215-19. The March 15, 2023 Rec. Findings and Order concluded that "[t]he Motion to Add Interest to Father Tainatongo's judgment is denied. The Motion to Add Interest to Mother Matagolai's arrears judgment is also denied." March 15, 2023 Rec. Findings and Order, at 12 (March 15, 2023). On March 29, 2023, the CSED filed an Objection. On March 30, 2023, a Request for Review of Recommended Findings and Order was filed, and on March 31, 2023, a Notice of Assignment of Designated Judge was issued, assigning the matter to this Court.

---

[3] On September 15, 2022, a Notice of Entry on Docket for the Sept. 13, 2022 Findings and Order was issued.

## DISCUSSION

### I. The Superior Court Has Authority over the AHO's Recommended Findings and Order

The family court referees, such as the AHO, are "[u]nder the authority of the Superior Court." 19 GCA § 5503; *see Lamb v. Hoffman,* 2008 Guam 2 ¶ 41. With regard to this authority, the trial court does not need to conduct a full appellate review of the referee's finding after an objection. *Lamb,* 2008 Guam 2 ¶ 41 Instead, the Supreme Court of Guam has adopted a "pragmatic approach and require[s] only that the trial court make a good faith effort to supervise the referee and correct any obvious errors." *Id.* While it is understood that the trial court "must at times rely on the competency and experience of his or her assisting referee," the Supreme Court cautioned that "no supervision at all is also contrary to the intent of the statute." *Id.* at ¶ 42.

#### A. The March 15, 2023 Rec. Findings and Order Contains Multiple Errors

Upon review of the the AHO's March 15, 2023 Rec. Findings and Order, the Court finds that the recommended findings do not match the record and contain several errors, including incorrect details regarding the hearings and addressing a motion that was not before the AHO. Further, the March 15, 2023 Rec. Findings and Order denies the Motion to Impose 6% Interest on Ms. Matagolai, but fails to address whether the AHO's granting of zero percent (0%) interest on a judgment for child support arrears is in accordance with 5 GCA § 34114.

##### 1. The Recommended Findings Reference Two Hearing Dates That Do Not Appear on the Record

First, the March 15, 2023 Rec. Findings and Order refers to hearings on March 22, 2022 and on August 22, 2022 and refers to what allegedly occurred at said hearings. *See* March 15, 2023 Rec. Findings and Order, at 3. Upon review, the Court is unable to find any record of hearings held on those dates in either CS0265-17 or CS0215-19. Instead, upon a review of the

**DECISION AND ORDER RE: REQUEST FOR REVIEW**

*CS0265-17: Department of Public Health and Social Services-Child Protective Services v. Victor M. Tainatongo, Jr.; CS0215-19: Department of Public Health and Social Services-Child Protective Services v. Tricia M. Matagolai*

information cited from the hearings, the Court notes that the AHO was likely referring to the hearings on March 8, 2022 and August 2, 2022 in CS0265-17. *Id.; see* Min Entry (March 8, 2022); Min Entry (Aug. 2, 2022). Therefore, the Court notes for the record that the hearing dates are incorrectly cited in the March 15, 2023 Rec. Findings and Order. *See* March 15, 2023 Rec. Findings and Order, at 3.

2.      **The March 15, 2023 Rec. Findings and Order Deny a Motion Regarding Mr. Tainatongo's Judgment That Was Not Before the AHO**

Next, with regard to Mr. Tainatongo, the March 15, 2023 Rec. Findings and Order state "on August 22, 2022, Father finally appeared" and "a judgment was entered against him for $7640.00, payable at $100 per month" and "[a]fter this, CSED requested that Father's arrears be calculated thereafter at six percent interest."[4] *Id.* Assuming that the AHO is referring to the August 2, 2022 hearing, there does appear to be discussion about determining the interest rate for Mr. Tainatongo's arrears. *See* Min Entry (Aug. 2, 2022). However, without any additional hearings or filings on the subject, the AHO issued the Sept. 13, 2022 Findings and Order which stated that the arrears were $7640.00 and that "[i]nterest shall accrue at the rate of six percent (6%) per annum." Sept. 13, 2022 Findings and Order, at 1.

The Court does not find anything on the record supporting the alleged fact that "after" the Sept. 13, 2022 Findings and Order CSED requested that the interest be raised to six percent. *See* March 15, 2023 Rec. Findings and Order, at 3. Further, based upon the record, CSED would not have needed to file a motion regarding the amount of the interest rate because the interest was already set at six percent (6%) in the Sept. 13, 2022 Findings and Order. *Id.*

---

[4] As noted, there is no hearing date for August 22, 2022, but there was a hearing on August 2, 2022 where Mr. Tainatongo appeared.

**DECISION AND ORDER RE: REQUEST FOR REVIEW**

*CS0265-17: Department of Public Health and Social Services-Child Protective Services v. Victor M. Tainatongo, Jr.; CS0215-19: Department of Public Health and Social Services-Child Protective Services v. Tricia M. Matagolai*

Therefore, upon review, there appears to have been no motion or relevant filing before the AHO to impose a six percent (6%) interest rate against Mr. Tainatongo on the judgment for child support arrears. Despite the lack of any motion before the AHO, the March 15, 2023 Rec. Findings and Order concluded that "the Motion to Add Interest to Father Tainatongo's judgment is denied." *Id.* at 12. Thus, the Court finds the AHO's denial in the March 15, 2023 Rec. Findings and Order as to Mr. Tainatongo to be an obvious error that is not supported by the record.

3.     **With Regard to Denying the Motion to Impose 6% Interest on Ms. Matagolai, the AHO Failed to Make Findings Regarding the AHO's Discretion to Impose Less Than 6% Interest on Child Support Arrears**

In CS0215-19, the July 12, 2021 Findings and Order included a judgment against Ms. Matagolai for child support arrears to be collected at a zero percent (0%) interest rate. *See* July 12, 2021 Findings and Order, at 2. At the October 26, 2022 hearing in CS0265-17, the AHO addressed the discrepancy between Ms. Matagolai's zero percent (0%) interest rate and Mr. Tainatongo's six percent (6%) interest rate. Based upon the Minute Entry, the AHO told CSED that "[u]nless you impose interest on Tricia Matagolai in CS0215-19[,] I will say that the Judgment in CS0265-17 run without interest. I think this is a matter of fairness." Min Entry, 3:09:22-3:12:56 PM (Oct. 26, 2022).

On November 18, 2022, in an apparent response to the AHO, CSED filed a Motion to Impose 6% Interest against Ms. Matagolai in CS0215-19. On December 19, 2022, a Motion Hearing was held, and the AHO took the matter under advisement.[5] *See* Min Entry, (Dec. 19, 2022).

---

[5] Based upon the Minute Entry, the hearing lasted only approximately six (6) minutes.

In the March 15, 2023 Rec. Findings and Order, the AHO noted that "CSED may routinely charge interest on late child support payments, but CSED has an alternate ability to 'enforce, compromise, or settle the judgments' under Guam Law." March 15, 2023 Rec. Findings and Order, at 10. The March 15, 2023 Rec. Findings and Order did not challenge CSED's discretion in seeking different interest rates, but rather found CSED's lack of a consistent policy in applying interest rates to be an issue. Because of CSED's inconsistencies with interest rates, the AHO made a broad finding, stating "[u]ntil CSED produces a consistent policy under which it imposes interest against one parent and not the other, **the court cannot order interest on unpaid balances of child support** knowing many other parents are not paying interest." *Id.* at 10 (emphasis added).

### a.     The Child Support Statute Requires That 6% Interest Shall Accrue on a Non-Custodial Parent For Child Support Arrears

With regard to child support, 5 GCA § 34114 governs "late charges." 5 GCA § 34114(a) states:

> (a) Effective January 1, 2008, interest **shall** accrue at the rate of six percent (6%) per annum on a non-custodial parent's unpaid balance as of the last day of the previous month. Said balance shall be the arrearage shown on the records at the Office of the Attorney General unless the arrearage is corrected by the court. Payments on arrearages shall be applied to interest first, then to principal.

5 GCA § 34114(a) (emphasis added). Upon review of the statute, the statute appears to require that six percent (6%) interest be imposed on a child support arrears judgment.

In this case, the AHO declared that due to the inconsistencies of CSED's policy that "the court cannot order interest on unpaid balances of child support." March 15, 2023 Rec. Findings and Order, at 10. However, the AHO failed to provide any support for her position that the AHO

**DECISION AND ORDER RE: REQUEST FOR REVIEW**

*CS0265-17: Department of Public Health and Social Services-Child Protective Services v. Victor M. Tainatongo, Jr.; CS0215-19: Department of Public Health and Social Services-Child Protective Services v. Tricia M. Matagolai*

has the discretion to impose less than the statutorily-required six percent (6%) interest pursuant to 5 GCA § 34114(a).

Instead, the AHO only notes that CSED has discretion to seek lower interest rates under 5 GCA § 34107. The AHO argues that this statute gives the CSED discretion to enforce different interest rates on child support arrear judgments. 5 GCA § 34107(a) states:

> (a) Upon final hearing, judgment for the Department shall include all sums expended during the pendency of the action. **When the Department recovers judgments it may enforce, compromise or settle the judgments with the consent of the Attorney General in any way considered to be in the public interest.** Any proceeds of judgments or settlements shall be deposited in the General Fund.

5 GCA § 34107(a) (emphasis added). Upon a plain reading of the statute, the statute provides that the Department of Law and the Attorney General has discretion post-judgment to "enforce, compromise or settle the judgments." *Id.* However, the statute does not appear to provide discretion to the AHO in a child support arrears judgment to impose interest rates different from the statutorily required six percent (6%). *See* 5 GCA § 34114(a). The AHO does not provide any other support for this discretion to impose a zero percent (0%) interest, or any other interest other than the statutorily-required six percent (6%).

Therefore, based upon a review of the relevant child support statutes, the Court does not find that the AHO made findings that support imposing zero percent (0%) interest on child support arrear judgments instead of the statutorily required rate of six percent (6%). Thus, the March 15, 2023 Rec. Findings and Order's denial of the Motion to Impose 6% Interest cannot be affirmed.

**DECISION AND ORDER RE: REQUEST FOR REVIEW**

*CS0265-17: Department of Public Health and Social Services-Child Protective Services v. Victor M. Tainatongo, Jr.; CS0215-19: Department of Public Health and Social Services-Child Protective Services v. Tricia M. Matagolai*

## CONCLUSION

Based on the foregoing reasons, the Court finds hereby **VACATES** the March 15, 2023 Rec. Findings and Order. The Court **REMANDS** the matter back to the AHO for further proceedings with regard to the CSED's Motion to Impose 6% Interest not inconsistent with this D&O.

**SO ORDERED** this 12th day of June, 2023.

**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic copy of the original was e-mailed to:

AG/CS

Date: _____ Time: _____
Joseph Bamba, Jr.
Deputy Clerk, Superior Court of Guam